[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12717
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 10, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14018-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD NOEL QUEZADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2010)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Richard Noel Quezada pled guilty to two counts of a five-count

indictment charging him with bringing five aliens into the United States in

violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and the district court sentenced him to concurrent prison terms of 84 months. He now appeals his sentences, arguing that his sentence are both procedurally and substantively unreasonable. Appellant contends that the sentences are procedurally unreasonable because the district court improperly considered his prior arrests[1] and failed to provide a "more significant justification" for its upward variance from the prescribed Guidelines sentencing range. Appellant contends that his sentences are substantively unreasonable because (1) the district court overemphasized his criminal history without giving due weight to the "nature and circumstances of the offense," thereby creating a "substantial disparity" between his sentences and the those imposed in typical alien-smuggling cases; (2) the district court should not have considered specific deterrence and incapacitation as sentencing objectives given that this was appellant's first offense involving the smuggling of aliens; and (3) U.S.S.G. § 2L1.1, § 4A1.3, and the Sentencing Commission's relevant policy statements. all counseled against an upward variance.

Our "substantive review of sentences is deferential" and "only look[s] to see if the district court abused its discretion by committing a clear error in judgment." *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (*en banc*). Review for

---

[1] Appellant's prior arrests did not result in the filing of criminal charges against him.

abuse of discretion applies to all sentences, even variances outside the Guidelines sentencing range. *Id.* at 1186 (citing *Gall v. United States,* 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007)). The party who challenges a sentence, here the defendant, "bears the burden of establishing that the sentence is unreasonable in light of both the record and the factors in [18 U.S.C. §] section 3553(a)." *United States v. Tate*, 586 F.3d 936, 947 (11th Cir. 2009) (alterations and citation removed).

A sentence may be procedurally or substantively unreasonable. *Gall,* 552 U.S. at 51, 128 S.Ct. at 597. A sentence may be procedurally unreasonable if the district court (1) improperly calculates the guideline range, (2) treats the Guidelines as mandatory, (3) fails to consider the appropriate § 3553(a) factors, (4) selects a sentence based on clearly erroneous facts, or (5) fails to adequately explain the chosen sentence, including an explanation for any deviation from the guideline range. *Id.* In reviewing the substantive reasonableness of a sentence, we consider "the totality of the circumstances and . . . whether the sentence achieves the sentencing purposes stated in § 3553(a)." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). A sentence may be substantively unreasonable where a district court "unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence

3

arbitrarily, or based the sentence on impermissible factors." *Id.* Nevertheless, the district court "is permitted to attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (citation and internal quotations omitted). Although the district court must provide "sufficiently compelling" justifications to support a sentence that varies from the Guidelines sentencing range, we will not presume that a sentence outside the range is unreasonable. *United States v. Mateos*, No. 08-17178, slip op. 127, 143 (11th Cir. Oct. 19, 2010) (quoting *Gall*, 552 U.S. at 50, 128 S.Ct. at 597).

Finally, although "the district court is required 'to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ,'" *United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009) (quoting 18 U.S.C. § 3553(a)(6)), "[a] well-founded claim of disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (citation omitted).

Appellant's sentences are procedurally reasonable because the district court properly calculated the Guidelines sentencing range, treated the Guidelines as advisory, considered the appropriate § 3553(a) factors, adequately explained its reasons for the sentences, and did not err in considering appellant's prior arrests. Appellant's sentences are substantively reasonable because district court properly

emphasized the § 3553(a) factors of "the history and characteristics of the defendant[,]" the need for the sentence "to promote respect for the law[,]" and the need for the sentence "to afford adequate deterrence to criminal conduct[.]" Furthermore, Quezada's sentence did not create an unwarranted disparity among similarly-situated defendants, and the district court did not depart upward pursuant to the Guidelines, but varied upwards pursuant to '§ 3553(a).

AFFIRMED.