**PUBLISH**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/08/99
THOMAS K. KAHN
CLERK

_____

No. 97-8732
Non-Argument Calendar

_____

D.C. Docket No. 5:97-MCR-19-WDO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES R. EUBANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

**(February 8, 1999)**

Before RONEY, HILL and KRAVITCH, Senior Circuit Judges.

PER CURIAM:

James R. Eubanks, proceeding pro se, appeals the district court's dismissal of his

Fed.R.Crim.P. 41(e) action to recover $34,166.00 forfeited to the United States. The background

facts show that on January 26, 1992, Eubanks and two other individuals were driving

southbound on Interstate 75 in the Middle District of Georgia when a state trooper stopped them for speeding. During a consensual search of the car, the officer found $34,166.00 in a gray suitcase in the trunk. Eubanks claimed ownership of the suitcase. When asked about the cash, Eubanks stated he was in the business of selling jogging suits and was headed to Florida to buy some wholesale. Eubanks' companion, Kyle Tatum, was charged and convicted for being a felon in possession of a firearm also found in the car.

The money found in the car was administratively seized and forfeited by the Drug Enforcement Agency (the "DEA"). As required by statute, the DEA sent Eubanks a written notice of seizure by certified mail, and the receipt returned with Eubanks' signature. Notices were also sent to James Eubanks at a different address. Additionally, the DEA published notices in a national newspaper. All notices contained instructions on contesting a forfeiture action and stated the last date to file a claim was April 14, 1992. After receiving no claim contesting forfeiture, the DEA administratively forfeited the entire sum to the United States on April 27, 1992. On April 16, 1997, five years after the forfeiture, Eubanks filed a motion for return of the forfeited money.

The district court denied Eubanks' motion because (1) Federal Rule of Criminal Procedure 41(e) did not authorize the return of civilly forfeited property; (2) the motion was untimely; and (3) the currency was lawfully and properly forfeited.

On appeal, Eubanks argues that (1) he did not receive proper notice of the forfeiture, (2) no probable cause existed to connect the currency with drug transactions, and (3) the district court did not liberally construe his motion.

2

Rule 41(e) provides that a person aggrieved by an unlawful search and seizure may move the district court for return of the property on the ground that such person is entitled to lawful possession of the property. Fed.R.Crim.P. 41(e). A Rule 41(e) motion is unavailable, however, when property is retained pursuant to civil forfeiture instead of for use as evidence. See United States v. Watkins, 120 F.3d 254, 255 (11th Cir. 1997), cert. denied, 118 S.Ct. 1407 (1998). Consequently, Eubanks' claim was not raised properly under Rule 41(e).

Even liberally construing Eubanks' complaint, the district court could only exercise jurisdiction over Eubanks' claim under two narrow circumstances, neither of which is applicable here. See Matter of Sixty-Seven Thousand Four Hundred Seventy Dollars ($67,470.00), 901 F.2d 1540, 1543 (11th Cir. 1990)(federal courts lack jurisdiction to review the merits of a forfeiture decision made by the DEA). First, a federal court may have jurisdiction when the agency refuses to consider a request that it exercise its discretion. See 901 F.2d at 1543. Here, nothing in the record indicates that Eubanks ever requested that the DEA exercise its discretion not to forfeit the currency. Consequently, this exception does not apply.

Second, federal courts under limited circumstances may exercise equitable jurisdiction over agency forfeiture decisions. See 901 F.2d at 1543. The decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. See 901 F.2d at 1543. In other words, jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice. See 901 F.2d. at 1543. Here, despite Eubanks' bare allegations to the contrary, the record shows that Eubanks received lawful notice that the currency was subject to forfeiture through both certified mail and publication. 19 U.S.C. § 1607. In fact, Eubanks' signature on his pleading is identical to that on

3

the return receipt for the mailed notice.  It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law.  See $67,400.00, 901 F.2d at 1545.  Because Eubanks had the opportunity to dispute the basis for the forfeiture in 1992 and waited five years to do so with no explanation for the delay, the district court could not exercise its equitable jurisdiction to hear his petition at such a late date.    The district court did not have jurisdiction to entertain Eubanks' petition.

**AFFIRMED.**