[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-13062
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 05-00009-MC-WDO-5

TERRY COLEY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
----------------------------------------------------------------

**(May 9, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Terry Coley, proceeding pro se, appeals the district court's denial of his motion for return of about $15,000 in currency, which had been subject to administrative forfeiture. No reversible error has been shown; we affirm.

In his action, commenced in March 2005, Coley alleged that, in late 1993, the United States Drug Enforcement Administration (DEA) seized the currency after local law enforcement had taken it pursuant to a traffic stop.[1] He claimed that the money was not traceable as proceeds from criminal acts. The government presented evidence that Coley had received written notice from the DEA of the seizure, that notice of the seizure was published three times in USA Today in January 1994, that the DEA received no claim for the currency, and that the currency was forfeited to the United States on 11 February 1994. The district court determined that it lacked jurisdiction to review the merits of the administrative forfeiture decision. The district court also declined to exercise equitable jurisdiction.

We review de novo a district court's determination about subject matter jurisdiction and the court's decision on whether to exercise its equitable

---

[1] Coley filed two motions for return of seized property: the first, under 18 U.S.C. § 983, and the second, under 28 U.S.C. § 1331. Coley only appeals the denial of the second motion.

jurisdiction.  Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005).

This Court has recognized that "federal common law consistently has held that federal courts lack jurisdiction to review the merits of a forfeiture decision . . . reached in the exercise of . . . discretion." In re $67,470.00, 901 F.2d 1540, 1543 (11th Cir. 1990).[2] We have recognized two limited exceptions to this rule. Neither exception applies.

First, district courts could exercise jurisdiction "when the agency refuses to consider a request that it exercise its discretion." United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999).  But, as Coley failed to file a claim in the administrative proceeding, nothing evidences that Coley requested the DEA to exercise its discretion not to forfeit the currency.

Second, district courts could exercise equitable jurisdiction over agency forfeiture decisions.  Equitable jurisdiction, though, is highly discretionary and is appropriate only in exceptional circumstances:  "when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." Id.

---

[2] We do not think that the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) governs this case, involving a 1994 forfeiture.  Thus, we apply pre-CAFRA law.  Because Coley admits that he received notice of forfeiture, he could not bring a motion for return of seized property under CAFRA.  See 18 U.S.C. § 983(e)(1) (allowing a person who does not receive notice of a civil forfeiture proceeding to file a motion to set aside a declaration of forfeiture).

Coley has not made this showing. He received notice of the forfeiture through certified mail and publication, but he did not pursue the procedures available to him at that time.

In sum, the district court did not err in determining that it lacked jurisdiction to entertain Coley's motion for return of seized property.[3] We, thus, do not discuss Coley's argument that a challenge to a forfeiture, based on an alleged violation of his Fourth Amendment rights, could not be barred by a statute of limitations.

AFFIRMED.

---

[3] To the extent that Coley--by claiming that the district court had jurisdiction under the Federal Rules of Criminal Procedure--argues that he brought his motion under Fed.R.Crim.P. 41(g), we have directed that such a motion is unavailable "when property is retained pursuant to civil forfeiture instead of for use as evidence." Eubanks, 169 F.3d at 674 (discussing former Rule 41(e), which now is located in Rule 41(g)).