[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 30, 2011
JOHN LEY
CLERK

No. 11-10917
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-14018-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD NOEL QUEZADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2011)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

On June 10, 2010, Richard Quezada pled guilty to two counts of violating 8

U.S.C. § 1324(a)(2)(B)(ii) (knowingly bringing illegal aliens to the United States

upon the high seas for the purpose of commercial advantage or financial gain), and the district court sentenced him to concurrent prison terms of three years.[1]

As part of his guilty pleas, Quezada stipulated that he brought the illegal aliens from the Bahamas to the United States on a 34 foot Wellcraft Marine boat. On February 22, 2010, the date of Quezada's arrest, the Department of Homeland Security, Customs and Border Patrol ("CBP") seized the vessel pursuant to 8 U.S.C. § 1324(b) as an instrumentality used in the commission of a federal felony, i.e., 8 U.S.C. § 1324(a)(2)(B)(ii). The vessel, it was later determined, was registered to All Professional Electrical Contractors, Inc. ("APECI"), a company located in Boca Raton, Florida. The next day, February 23, CBP served Quezada with a Civil Asset Forfeiture Reform Act ("CAFRA") Seizure Notice, an Election of Proceedings Form, and a Seized Asset Claim Form, all of which informed him that the vessel was subject to civil forfeiture and that CBP believed that he might have an interest in it. Assuming that Quezada had such interest, the notice instructed him to state his interest in the vessel under oath via the Seized Asset Claim Form.

---

[1] We affirmed Quezada's sentences in *United States v. Quezada*, 409 Fed.App'x 272 (11th Cir. 2010).

Quezada executed the form and submitted it to the CBP Asset Forfeiture Office. The Asset Forfeiture Office rejected the form because it was incomplete, and on March 8, 2010, via certified mail, sent Quezada a second CAFRA Seizure Notice and Seized Asset Claim Form, informing him that he needed to submit the Form to the Office by March 30, 2010, if he wished to have the case referred for court action. In addition to this, the Office sent two CAFRA Seizure Notices, one via certified mail, to the vessel's registered owner, APECI; the mailings were returned "Not Deliverable as Addressed, Unable to Forward."

The Asset Forfeiture Office received no response to the above mailings. It therefore published a Notice of Seizure in accordance with law; again, it received no response. Thus, on May 17, 2010, the vessel was administratively forfeited to the United States and on August 13, 2010 sold at auction.

On December 6, 2010, Quezada moved the district court pursuant to Federal Rule of Criminal Procedure 41(g) to order the vessel returned to him. Attached to his motion was a completed Seized Asset Claim Form. After the Government filed its response, the district court, without holding an evidentiary hearing, denied the motion, finding that Quezada had not shown that he ever mailed the Form to the Asset Forfeiture Office; that the Government's affidavit established that the

3

Form had never been received; and that the vessel having been sold, the Government had nothing to return. Quezada now appeals the court's decision.

Quezada concedes that he twice received notice of the seizure, and that the second notice informed him that the Asset Forfeiture Office had not received a completed Seized Asset Claim Form from him, but asserts that he resubmitted a completed Form to the Office. He thus contends that an evidentiary hearing is required to determine whether he mailed the completed Form. And, since the vessel was auctioned and is no longer in the Government's possession, he requests money damages.

As an initial matter, we note that Rule 41(g) was not the appropriate means of challenging the forfeiture because the vessel was forfeited in an administrative action, pursuant to 18 U.S.C. § 981(a)(1)(C). *See United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (holding that a Rule 41(g) motion is unavailable if property is retained as a result of civil forfeiture instead of for use as evidence); Fed. R. Crim. P. 1(a)(5)(B) (stating that the Federal Rules of Criminal Procedure do not apply to a civil property forfeiture for violation of a federal statute). Instead, the exclusive remedy for challenging such an action is under the CAFRA. 18 U.S.C. § 983(e)(5); *Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005). Even though, Quezada brought his motion pursuant to Rule 41(g), we

4

liberally construe his *pro se* motion as an action brought under CAFRA, as the district court apparently did. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (*"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed" (quotation omitted)).

While we lack jurisdiction to review the merits of an administrative forfeiture, we have jurisdiction to review whether the agency followed the proper procedural safeguards. *See Valderrama*, 417 F.3d at 1196. Furthermore, federal courts can, in "exceptional cases," invoke equitable jurisdiction over administrative forfeitures. *Id.* at 1197 (quotation omitted).

In reviewing a district court's civil forfeiture decision, we examine the court's factual findings for clear error and its conclusions of law *de novo. United States v. One 1990 Beechcraft, 1900 C Twin Engine Turbo-Prop Aircraft, Venezuelan Registration No. YV219T, Serial UC118*, 619 F.3d 1275, 1277 n.4 (11th Cir. 2010). And we review *de novo* a district court's decision not to invoke its equitable jurisdiction. *Valderrama*, 417 F.3d at 1194.

In an administrative forfeiture proceeding, individuals whose property interests are at stake action are entitled to notice reasonably calculated to inform them of the proceeding and to afford them an opportunity to be heard.

5

*Valderrama,* 417 F.3d at 1196-97. In a civil forfeiture proceeding in district court, a party claiming an interest in the forfeited property who did not receive notice must show that the Government should have known that such party had an interest but failed to take reasonable steps to notify the party. 18 U.S.C. § 983(e)(1)(A). Once the claimant has notice, 18 U.S.C. § 983(a)(2)(C) requires that the claimant "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury."

A federal court may exercise equitable jurisdiction if "the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." *Eubanks*, 169 F.3d at 674. "Such jurisdiction, therefore, is only appropriate in exceptional cases where equity demands intervention." *In re $67,470.00*, 901 F.2d 1540, 1544 (11th Cir. 1990). The considerations that should guide the district court's exercise of equitable jurisdiction are:

> (1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law.

*Id.* at 1545 (quotation omitted). In addition, under CAFRA, the claimant has the burden of proving that he is an "innocent owner," which means that he is an

6

"owner who did not know of the conduct giving rise to the forfeiture." 18 U.S.C. § 983(d)(2)(A)(i).

The district court did not clearly err in denying Quezada's motion because Quezada received notice of the pending forfeiture and did not produce evidence showing that he followed the instructions in the notice for asserting an interest in the vessel. Further, contrary to Quezada's contention, the court was not required to hold an evidentiary hearing because there were no disputed issues of material fact. Quezada was not an "innocent owner" and the merits of his petition did not require the court to conduct "judicial review to prevent manifest injustice." Accordingly, the district court did not err in declining to grant equitable relief. *See* 18 U.S.C. § 983(d)(2)(A)(i); *Eubanks*, 169 F.3d at 674.

As for Quezada's claim for money damages in lieu of the return of the vessel, we note that sovereign immunity protects the Government from such claim because there has been no express and unequivocal statutory waiver by Congress which would apply in Quezada's case. *See United States v. Potes Ramirez*, 260 F.3d 1310, 1315-16 (11th Cir. 2001).[2]

AFFIRMED.

---

[2] "Sovereign immunity protects the government from lawsuits for damages unless immunity is expressly waived by statute." *Potes Ramirez*, 260 F.3d at 1315-16 (holding that sovereign immunity protects the government from money damages sought under Rule 41(e)).