[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12394
Non-Argument Calendar
_____

D. C. Docket No. 1:02-cr-00586-TCB-GGB-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GARZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 10, 2012)

Before HULL, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Carlos Garza appeals the district court's denial of his <u>pro se</u> motion to

recover $25,000 seized by the government in connection with an earlier criminal prosecution, pursuant to Fed.R.Crim.P. 41(g).  No reversible error has been shown; we affirm.[1]

In September 2002, the United States Drug Enforcement Administration ("DEA") searched a residence, located in Marietta, Georgia (the "Vermillion Lane property"), where Garza resided with several persons.  The DEA found money and evidence of drug activity.  Agents seized a total of $293,661 through an administrative seizure from the Vermillion Lane property. Garza ultimately was convicted of conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.

At sentencing, the government requested a money judgment against Garza for the proceeds of his drug transactions and a preliminary order of forfeiture for all proceeds from Garza's crime of conviction and, specifically, a house located in Austell, Georgia (the "Anderson Mill property").  The district court concluded that the government had failed to meet its burden to show that the Anderson Mill property was used to facilitate drug transactions or constituted the proceeds of such transactions.  In 2006, as part of his criminal proceedings, Garza entered into

---

[1] We review de novo a district court's determination about subject-matter jurisdiction and the court's decision on whether to exercise its equitable jurisdiction.  Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005).

a stipulation with the government in which he agreed to forfeit his interest in the items seized from the Anderson Mill property.

In 2010, Garza filed the instant motion and sought the return of $25,000 that he alleged the DEA seized from a drawer in his bedroom at the Vermillion Lane property.[2]  Garza argued that the items taken from the Vermillion Lane property were not part of the 2006 stipulation he entered into with the government in the criminal case against him; he contends that the government was improperly holding these assets.  The government maintained that it seized $293,661 in cash from the Vermillion Lane property as part of an administrative forfeiture and that nothing evidenced a discrete sum of $25,000 belonging to Garza.  Moreover, the government submitted evidence to show that it had provided notice of the pertinent seizure via mail and publication in the Wall Street Journal.  The district court determined that the court lacked jurisdiction to review the merits of the administrative forfeiture decision and also declined to exercise equitable jurisdiction.

---

[2] Garza also challenged the seizure of five vehicles from the Vermillion Lane property, but the district court rejected his arguments on the vehicles when it denied his Rule 41(g) motion.  We conclude that Garza abandoned these claims because he fails to argue on appeal that the district court erred in denying his claims about the vehicles.  See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) (stating that "issues not raised on appeal are abandoned").

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g).[3]  The movant must demonstrate that he has a possessory interest in the seized property.  See United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005).  Rule 41, however, cannot be used to recover property that has been forfeited to the government in a civil forfeiture proceeding.  United States v. Watkins, 120 F.3d 254, 255-56 (11th Cir. 1997).  According to the government, the funds at issue were administratively forfeited before Garza filed his instant Rule 41(g) motion for the return of seized property.  Id. at 256 (explaining that the government's admission that property was administratively forfeited "deprive[s] the court of authority to grant the Rule 41[g] motion").

Garza has not expressly argued that his motion should be construed as a claim under 18 U.S.C. § 983(e).  See Mesa Valderrama, 417 F.3d at 1196 (holding that § 983(e) is the exclusive remedy for claimants challenging administrative forfeitures).  Even if he had, however, he still is unentitled to relief.  We have recognized that a federal court generally lacks jurisdiction to review the merits of an administrative or nonjudicial forfeiture determination.  Id.  Instead, such review

---

[3] In 2002, Rule 41(e) was reclassified as Rule 41(g) with no substantive changes. Fed.R.Crim.P. 41, Advisory Committee Note to the 2002 amendments.  Therefore, our earlier cases interpreting Rule 41(e) also apply to the new Rule 41(g).

4

is limited to determining whether the agency followed appropriate procedural safeguards.  Id.  This review might be exercised in two ways.  United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999).

First, district courts might have jurisdiction "when the agency refuses to consider a request that it exercise its discretion."  Id.  Here, Garza challenged the administrative seizure, but not within the statutory deadline.  As a result, the items from the Vermillion Lane property were forfeited; and the DEA thereafter denied Garza's counseled petition for remission or mitigation of the forfeiture.

Second, federal courts may choose to exercise equitable discretion if "the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice."  Id.  Even assuming that Garza had sought relief under § 983(e), he could only obtain equitable relief if he demonstrated that the government failed to follow proper procedures or that the forfeiture worked a miscarriage of justice.  Whether the government gave proper notice before forfeiting the $293,661 seized from the Vermillion Lane property is unclear:  none of the mail or publication notices referenced the amount of currency seized from the residence.  But Garza failed to show that he possessed a demonstrable interest in any set amount of money seized from the Vermillion Lane property.  Although Garza presented trial testimony from DEA agents who discovered the currency, his

5

only basis for stating that he owned the money was his own bare assertion that $25,000 of the money seized from the Vermillion Lane property belonged to him.

Accordingly, the district court did not err in determining that it lacked jurisdiction to entertain Garza's motion for return of seized property.

AFFIRMED.