[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15381
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00039-RH-WCS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE BERRY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 17, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lawrence Berry, Jr. appeals *pro se* the denial of his motion for return of property under Federal Rule of Criminal Procedure 41(g).  On appeal (but not in district court), Berry argues that the district court ought to have granted his motion for return of property because he never received notice of the administrative forfeiture of his truck and $1,000 cash by the Drug Enforcement Administration ("DEA").  Berry was convicted of drug crimes.  We see no reversible error.

On appeal from the denial of a Rule 41(g) motion, we review questions of law *de novo* and factual findings for clear error.  *United States v. Howell,* 425 F.3d 971, 973 (11th Cir. 2005).  Where a party invokes Rule 41(g) after the close of all criminal proceedings, the motion for return of property is treated as a civil action in equity.  *Id.*  We review *de novo* a district court's determination of whether to exercise its equitable jurisdiction.  *Mesa Valderrama v. United States*, 417 F.3d 1189, 1194 (11th Cir. 2005).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Money derived from illegal drug transactions and vehicles used to transport drugs or to facilitate illegal drug transactions or both are subject to forfeiture.  21 U.S.C. § 881(a)(4), (6).  A government agency that seizes property worth less than

2

$500,000 must publish notice of the seizure "for at least three successive weeks in such manner as the Secretary of the Treasury may direct." 19 U.S.C. § 1607(a). In addition, "[w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." *Id.* After notice is given, a party has 20 days to file a claim on the property. *Id.* § 1608. If no claims are filed within that time, the agency may declare the property forfeited and sell or otherwise dispose of it. *Id.* § 1609.

A person aggrieved by an unlawful search and seizure of property may move for its return. Fed.R.Crim.P. 41(g). A Rule 41(g) motion, however, is unavailable when property is seized pursuant to civil forfeiture. *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999). When a party seeks relief from a civil forfeiture under Rule 41(g), the district court -- even liberally construing the complaint -- can only exercise jurisdiction over the claim "under two narrow circumstances." *Id.* First, it "may have jurisdiction when the agency refuses to consider a request that it exercise its discretion" not to seek forfeiture. *Id.* Second, "federal courts under limited circumstances may exercise equitable jurisdiction over agency forfeiture decisions." *Id.* As we have explained, "[t]he decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. In other words, jurisdiction is appropriate only when the petitioner's

3

conduct and the merits of his petition require judicial review to prevent manifest injustice." *Id.* (citation omitted).

The remedy for seeking to set aside a declaration of civil forfeiture is under the Civil Asset Forfeiture Reform Act ("CAFRA"), codified in part at 18 U.S.C. § 983. *Mesa Valderrama,* 417 F.3d at 1195. *Id.* That statute provides:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> (A)   the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B)   the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). In addition, under CAFRA, a claimant has the burden of proving that he is an "innocent owner," which means that he is an "owner who did not know of the conduct giving rise to the forfeiture." *Id.* § 983(d)(1), (2)(A)(i).

We have determined that we lack jurisdiction to review the merits of administrative or nonjudicial forfeitures under CAFRA. *See Mesa Valderrama*, 417 F.3d at 1196. Instead, our review is limited to "whether the agency followed the proper procedural safeguards." *Id.*

Due process requires that individuals whose property interests are at risk due to government action be given notice and an opportunity to be heard. *Mullane v.*

4

*Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656-57, 94 L.Ed. 865 (1950).  The notice necessary to satisfy due process must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 314, 70 S.Ct. at 657.  "Reasonable notice, however, requires only that the government attempt to provide actual notice; <u>it does not require that the government demonstrate that it was successful in providing actual notice</u>." *Mesa Valderrama*, 417 F.3d at 1197 (emphasis added).

Here, the district court did not err by denying Berry's motion for return of the truck and money.  Rule 41(g) is not an appropriate vehicle for the return of property seized by civil forfeiture.  The district court did not err in refusing to exercise its equitable jurisdiction: the property was forfeited in accordance with law in the light of the record, which reflects that the DEA attempted to provide Berry with notice of the forfeitures; besides, any relief given to Berry would have been inequitable by "return[ing] to a criminal the fruits of his crimes." *See United States v. Machado,* 465 F.3d 1301, 1307 (11th Cir. 2006), overruled on other grounds by *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009); *Mesa Valderrama*, 417 F.3d at 1197.

Liberally construing Berry's *pro se* motion as an action brought under CAFRA, his claim fails.  Even if Berry did not get actual notice and can properly

5

advance the point on appeal, per the record, it appears he was given "reasonable notice." The district court did not err in refusing to invoke its equitable jurisdiction and to return the truck and cash to Berry. *See Machado,* 465 F.3d at 1307; *Mesa Valderrama,* 417 F.3d at 1195-97.

**AFFIRMED.**