[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11829
Non-Argument Calendar

_____

D.C. Docket No. 1:08-mj-00274-TWT-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN LEE FOSTER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 31, 2015)

Before HULL, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Brian Lee Foster, a <u>pro se</u> federal prisoner, appeals the district court's denial of his motion for the return of seized property—$4,303 in U.S. currency, a firearm, a laptop computer, a camera, and several cell phones—filed pursuant to Federal Rule of Criminal Procedure 41(g).  On appeal, Foster argues that the district court erred by denying his motion without first holding an evidentiary hearing.  After review, we affirm.

## I.  FACTUAL BACKGROUND

### A.    Foster's 2008 Arrest and 2009 Conviction

In 2008, Drug Enforcement Agency ("DEA") agents arrested Foster at his home in Georgia, pursuant to an arrest warrant issued in the Eastern District of North Carolina on a charge of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  With Foster's consent, the agents searched his home and car and seized $4,303 in cash, a .45 caliber semi-automatic pistol that Foster said belonged to his wife, a laptop computer, a digital camera, and several cell phones.

In August 2009, a jury in the Eastern District of North Carolina convicted Foster of the cocaine conspiracy charge.  On January 4, 2010, Foster was sentenced to 324 months' imprisonment.  On direct appeal, the Fourth Circuit affirmed Foster's conviction.  <u>See</u> <u>United States v. Foster</u>, 406 F. App'x 690 (4th Cir. 2010).

**B.    Foster's 2011 Motion for Return of Property**

On November 3, 2011, Foster filed the instant pro se motion for the return of the seized property, citing Rule 41(g).  Foster argued that his family was entitled to the return of these items because the items were not used as evidence in his prosecution and were "not part of a[n] order of forfeiture" or fine in his federal criminal case.  Foster also asked for an evidentiary hearing if there was a factual dispute.  Foster attached a copy of the DEA's "Report of Investigation" containing, inter alia, a list of items seized from Foster's residence and car on March 13, 2008 and two letters, dated June 2011, that Foster said he and his mother sent to the DEA asking for the return of the seized items.

In November 2013, the district court directed the government to respond to Foster's motion.  The government's response indicated that it no longer had possession of the items because the cash and firearm had been administratively forfeited pursuant to 21 U.S.C. § 881 and then the firearm and the other items had been destroyed.  The government submitted declarations of forfeiture and DEA "Disposition of Nondrug Evidence" forms confirming that the cash was forfeited in June 2008, the firearm was forfeited in August 2008 and approved for destruction in December 2009, and the cell phones, camera, and laptop were approved for destruction in March 2010.

The district court, stressing deficiencies in the government's documentary evidence, directed the government to supplement the record with sworn declarations "to demonstrate that the property was in fact destroyed" and "to demonstrate that the Taurus pistol and the currency were legally forfeited under the applicable law." The district court gave Foster leave to "respond to the government's submissions and argument in writing within thirty days thereafter." The district court also directed Foster to "address any legal or equitable relief that he is seeking with respect to the property that is at issue on this motion."

The government's supplemental response included declarations from DEA Agent Frederick Swoope, Sr. and DEA Forfeiture Counsel Vicki Rashid. According to this evidence, the DEA's non-drug evidence custodian in fact destroyed the cell phones, camera, and laptop on March 9, 2010, as reflected on the DEA forms. Further, on April 1, 2008, the DEA pursued administrative forfeiture of the $4,303 and the pistol under to 19 U.S.C. § 1609. To that end, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA mailed written notices by certified mail, return receipt requested, to Foster, his wife, his son, and someone named Brittany Cresfield, all of which were signed as received on April 3, 2008. The DEA also published notices in the Wall Street Journal on April 14, 21, and 28, 2008. When no properly executed claims were filed before the stated deadlines, the DEA administratively forfeited the currency on June 13, 2008 and the pistol on

4

August 15, 2008. Attached to the government's declarations were copies of the mailed notices, the signed return receipt cards, and the published legal notices, as well as a case inventory from the non-drug evidence custodian.

Foster filed a response arguing that there was no court order permitting the destruction of the seized items, and that the administrative forfeiture of the pistol and currency was improper because there was no proof those items were derived from proceeds traceable to the commission of his cocaine conspiracy. Foster sought $8,022.95, which he claimed was the value of the seized items. Foster did not allege, much less attempt to prove, that he failed to receive notice of the administrative forfeiture proceedings.

## C.    District Court's Denial of Foster's Motion

The district court adopted the report of the magistrate judge and denied Foster's motion. The district court found that although Foster had a possessory interest in the seized items, his laptop, cell phones, and camera had been destroyed and were no longer in the government's possession. The currency and pistol, meanwhile, "were the subject of forfeiture proceedings by the government under 18 U.S.C. § 981(b), 19 U.S.C. § 1609, and 21 U.S.C. § 881(a) and were forfeited, after notice and publication as required under the applicable statutory authority."

The district court concluded that money damages were not available under the doctrine of sovereign immunity and that, given the circumstances, equitable

5

relief was not warranted. The district court found that the government had complied with the notice and other requirements of forfeiture law and that Foster was given notice of the administrative forfeiture proceedings and advised of his right to make a claim. Thus, Foster "was afforded an adequate remedy at law to contest the forfeitures under the forfeiture law." As to his destroyed personal property, traditional equitable remedies of injunction and specific performance would not "afford Mr. Foster any relief." Foster appealed.

## II. DISCUSSION

### A. Post-Conviction Motions for Return of Property

Rule 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property" to "move for the property's return." Fed. R. Crim. P. 41(g). "In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government," and that he has "clean hands" with respect to the property. United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). The government may rebut the movant's allegations with evidence that it has a legitimate reason to retain the property, that it does not possess the property, or that the property has been destroyed. United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001). Rule 41(g) requires the court to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).

6

A Rule 41(g) motion, however, is not an appropriate avenue for relief when, as here, the property owner "invokes Rule 41(g) after the close of all criminal proceedings." Howell, 425 F.3d at 974. In these circumstances, "the court treats the motion for return of property as a civil action in equity." Id. Equitable jurisdiction "must be exercised with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice" in light of the movant's conduct and the merits of his request. United States v. Martinez, 241 F.3d 1329, 1331 n.2 (11th Cir. 2001) (quotation marks omitted).

Rule 41(g) also is unavailable when, as here, property has been "retained pursuant to civil forfeiture, instead of for use as evidence." United States v. Watkins, 120 F.3d 254, 255 (11th Cir. 1997). While "federal courts under limited circumstances may exercise equitable jurisdiction over agency forfeiture decisions," United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999), they lack jurisdiction to review the merits of the administrative forfeiture. Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005). Instead, review is limited to whether the agency followed the "proper procedural safeguards." Id. (quotation marks omitted). Even so, federal courts may invoke their equitable jurisdiction over administrative forfeitures only in "exceptional cases where equity demands intervention." Id. at 1197 (quotation marks omitted); see also Eubanks, 169 F.3d at 674 ("[J]urisdiction is appropriate only when the petitioner's conduct and the

7

merits of his petition require judicial review to prevent manifest injustice."). This Court has concluded that it is inappropriate to exercise equitable jurisdiction when a property owner received lawful notice of civil forfeiture proceedings by mail and publication and "elected to forego the procedures for pursuing an adequate remedy at law." Eubanks, 169 F.3d at 674.[1]

## B.    Foster's Claims

The district court did not err in denying Foster's motion for the return of property. With respect to the pistol and $4,303 in currency, the record shows that these items were administratively forfeited through a civil forfeiture proceeding under 19 U.S.C. § 1609 and 18 U.S.C. § 983.[2] As such, Rule 41(g) was not an appropriate avenue for relief from those administrative forfeitures. See Watkins, 120 F.3d at 255. Under 18 U.S.C. § 983(e), the "exclusive remedy" for "any non-judicial civil forfeiture proceeding under a civil forfeiture statute" is to file a motion to set aside the forfeiture. See 18 U.S.C. § 983(e)(1), (5) (permitting a person entitled to written notice "who does not receive such notice" to file a motion to set aside a declaration of forfeiture). But, Foster did not file such a

---

[1]We review questions of law relating to the district court's denial of a Rule 41(g) motion de novo, and its fact findings for clear error. Howell, 425 F.3d at 973. We review de novo a district court's determination of whether to exercise equitable jurisdiction. Martinez, 241 F.3d at 1330.

[2]In his appeal brief, Foster incorrectly states that the pistol and currency were forfeited "as part of the criminal proceedings" against him.

motion and does not contend that he did not receive proper notice of the civil forfeiture proceedings.

Moreover, the district court properly declined to exercise equitable jurisdiction to review the DEA's administrative forfeiture of the pistol and currency. Foster did not allege that the DEA failed to follow proper procedural safeguards in seeking administrative forfeiture under 21 U.S.C. § 881, nor did Foster show "exceptional circumstances" such that equity demanded intervention. See Mesa Valderrama, 417 F.3d at 1196-97. Foster has never argued that he lacked proper notice of the administrative forfeiture proceedings. Further, the government submitted affirmative evidence showing that written notice was mailed to, and signed for by someone at, Foster's residence, in compliance with 18 U.S.C. § 983(a). The written notice advised Foster of his right to contest the forfeiture and of how to do so. In addition, notice was published for three consecutive weeks in the Wall Street Journal, in compliance with 19 U.S.C. § 1607(a).[3]

Despite receiving proper notice that the pistol and currency were subject to civil forfeiture, Foster failed to pursue his claims in the civil forfeiture proceedings, as required by 18 U.S.C. § 983(a)(2). Instead, Foster waited until

---

[3]We note that to the extent Foster alleges that the seized pistol belonged to his wife, rather than to him, and that he seeks its return on her behalf, he lacks Article III standing. See United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987) (explaining that a claimant contesting a forfeiture must show he has an interest in the property sufficient to give him Article III standing).

9

three years after the forfeitures to file this motion for return of property. Under these circumstances, it would have been inappropriate for the district court "to exercise equitable jurisdiction to review the merits of [the] forfeiture matter." See Eubanks, 169 F.3d at 674.

The district court also properly denied Foster's motion with respect to the laptop, cell phones, and camera. These items were not subject to administrative forfeiture. Nonetheless, Rule 41(g) was not available to Foster to recover them because Foster's criminal proceedings had terminated by the time he filed his motion. See Howell, 425 F.3d at 974.

This Court has suggested that, in appropriate circumstances, a district court may exercise equitable jurisdiction and fashion an equitable remedy, "even if the property at issue has been lost or destroyed." See Potes Ramirez, 260 F.3d at 1315. Foster, however, does not ask for any equitable relief. Foster seeks only money damages. But, sovereign immunity protects the government from money damages sought under Rule 41(g). Id. at 1315-16.

In any event, the district court did not err when it determined that equitable relief was not warranted as to the laptop, cell phones, and camera. As the district court noted, Foster's November 3, 2011 motion was filed "more than three and a half years after the property was seized on March 13, 2008," almost two years after Foster's January 4, 2010 sentencing, and more than ten months after his conviction

10

was affirmed by the Fourth Circuit on December 28, 2010.  The DEA's non-drug custodian held these items throughout Foster's criminal proceedings and for two months after his sentencing, until March 2010, but Foster never asked for their return.  In other words, had Foster not delayed, the items he now seeks could have been preserved and perhaps returned to him or his family.  Yet, Foster offers no explanation for his delay.  Indeed, Foster's own allegations and evidence indicate that he did not ask the DEA to return his property until June 2011.  See id. at 1315 (stating that "the doctrine of laches is pertinent and should be considered" in evaluating whether a claimant is entitled to an equitable remedy).

Finally, the district court was not required to hold an evidentiary hearing before ruling on Foster's motion.  The district court gave the parties the opportunity to submit evidence, and the material facts were not in dispute.  Cf. Fed. R. Crim. P. 41(g) (requiring the district court to "receive evidence" but only as to "any factual issue necessary to decide the motion"); Potes Ramirez, 260 F.3d at 1314 (concluding district court erred in denying the defendant's Rule 41(g) motion based on the government's unsupported allegation that the property had been destroyed).  Specifically, it is undisputed that Foster had a possessory interest in the items the DEA seized at the time of his arrest, but that Foster did not file a claim in the administrative forfeiture proceedings or seek the return of the seized

11

items until well after his conviction and sentencing, by which time the remaining items had been destroyed.

Further, Foster has not explained what additional evidence he would have presented at an evidentiary hearing. The only "material evidence" Foster identifies on appeal is "his Docket Sheet," which he says shows that "there was neither a court order to destroy the property, [n]or was there a forfeiture hearing conducted by [a] court." The fact that neither the forfeiture of the pistol and the currency nor the destruction of the remaining items was pursuant to a court order is not disputed and, in any event, is immaterial to whether the district court should exercise equitable jurisdiction in Foster's case.

For all these reasons, the district court properly denied Foster's post-conviction motion for return of property.

**AFFIRMED.**