[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10588
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00167-VEH-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUANTREY KANTRELL BRYANT,
a.k.a. Quantrey Kentrell Bryant,
a.k.a. Trey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 18, 2017)

Before TJOFLAT, HULL, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Quantrey Bryant, proceeding pro se, appeals the denial of his motion for return of property, which the district court construed as a motion brought under Rule 41(g) of the Federal Rules of Criminal Procedure.  On appeal, Bryant argues that the district court should have considered whether the government unlawfully seized property, namely, an Xbox, under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. §§ 981 and 983.  Pointing to United States v. Capote, 159 F. App'x 108 (11th Cir. 2005), Bryant contends that the government failed to provide him with appropriate notice when seizing the Xbox.  Bryant further asserts that the government was required to comply with CAFRA's provisions regardless of whether he had "unclean hands" with respect to his acquisition of the Xbox.

After a review of the facts and the applicable law, we affirm.

On appeal from the denial of a Rule 41(g) motion, we review questions of law de novo and factual findings for clear error.  United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005).  We review the "equitable equation" of the district court's decision to deny a Rule 41(g) motion for abuse of discretion.  United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds as recognized in United States v. Lopez, 562 F.3d 1309, 1311-13 (11th Cir. 2009).  Though we review the equitable balancing for abuse of discretion, as to the legal

2

question of whether to exercise equitable jurisdiction, our review is de novo. Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005). Where a party invokes Rule 41(g) after the close of all criminal proceedings, the motion for return of property is treated as a civil action in equity. Machado, 465 F.3d at 1307.

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return." Fed. R. Crim. P. 41(g). Similar to Rule 41(g), CAFRA provides specific statutory remedies for a person seeking to set aside a declaration of civil forfeiture or non-judicial forfeiture (i.e. administrative forfeiture). See Mesa Valderrama, 417 F.3d at 1195. CAFRA provides the sole remedy for property seized through civil forfeiture, while Rule 41(g) permits a court to invoke its equitable jurisdiction to consider return-of-property claims in "exceptional cases where equity demands intervention." See id. at 1197; United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999). Thus, CAFRA's statutory remedies are available only where the property is seized through civil or administrative forfeiture process, whereas equitable jurisdiction under Rule 41(g) may cover claims of unlawful seizures of property committed outside the forfeiture process. See Mesa Valderrama, 417 F.3d at 1195; Eubanks, 169 F.3d at 674.

When a party seeks relief under Rule 41(g), the district court can only exercise jurisdiction over the claim under two narrow circumstances. Eubanks,

169 F.3d at 674.  First, the court may have jurisdiction when an agency refuses to consider a request that it exercise its discretion not to forfeit the property.  Id. Second, federal courts "under limited circumstances" may exercise equitable jurisdiction over agency forfeiture decisions.  Id.  As this Court has explained, "[t]he decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint.  In other words, jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice."  Id. (citation omitted).

The district court did not err in denying Bryant's motion for return of property.  Here, Rule 41(g), rather than CAFRA, was the appropriate vehicle for considering Bryant's request.  See Eubanks, 169 F.3d at 674.  Moreover, Bryant's reliance on Capote, which involved property seized through civil forfeiture, is misplaced.  Because the property here was not seized through any civil forfeiture process, Capote, which discussed the limitations period for appropriate CAFRA claims, is inapposite.  See Capote, 159 F. App'x at 111-13.  Finally, the district court was correct to decline equitable jurisdiction based on its finding that Bryant had "unclean hands" with respect to the property.  See Machado, 465 F.3d at 1307. A thief cannot use equitable process to recover property that he stole.  See id.

**AFFIRMED.**

4