UNITED STATES of America

v.

Muhammad Wasim ALI.

Case Nos. 6:15–cr–00094–LSC–JEO, 2:15–mj–00079–JHE.

United States District Court,
N.D. Alabama,
Jasper Division.

Signed May 5, 2015.

Joyce White Vance, U.S. Attorney, Elizabeth Anne Holt, United States Attorney's Office, U.S. Probation, United States Probation Office, USM, United States Marshal, Birmingham, AL, for United States of America.

Anthony A. Joseph, Thomas W.H. Buck, Jr., Maynard Cooper & Gale PC, Birmingham, AL, for Muhammad Wasim Ali.

## ORDER

JOHN H. ENGLAND, III, United States Magistrate Judge.

On March 27, 2015, Defendant Muhammad Wasim Ali was arrested on a criminal complaint, alleging that on four occasions in 2014 he distributed and dispensed a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Docs. 1 & 2). Pursuant to a search warrant issued concurrently with the complaint, DEA agents raided Ali's business, Walker Rural Health Services ("WRHS"), and seized several tens of thousands of dollars in cash. On April 1, 2015, pursuant to seizure warrants issued upon the undersigned's finding of probable cause, agents of the Internal Revenue Service—Criminal Investigations seized $48,347.35 from Ali's Wells Fargo Bank account, $47,347.12 from WRHS's Regions bank account, and $75,510.55 from Ali's second business's Regions Bank account. On April 10, 2015, Ali filed a petition under Rule 41(g) of the Federal Rules of Criminal Procedure, contending the funds were wrongfully seized and should be returned. (Doc. 7). After briefing, a hearing was held on the motion on April 30, 2015. The motion is now ripe for review.

### I. Analysis

Rule 41(g), FED.R. CRIM.P., states: A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

When no criminal proceedings are pending, motions under Rule 41(g) are considered motions in equity. See *Hunsucker v. Phinney,*

497 F.2d 29, 34 (5th Cir.1974);[1] *United States v. Howell,* 425 F.3d 971, 974 (11th Cir.2005). Regardless of whether there is a criminal proceeding, however, "[a] Rule 41(e)[2] motion is unavailable ... when property is retained pursuant to civil forfeiture instead of for use as evidence." *United States v. Eubanks,* 169 F.3d 672, 674 (11th Cir.1999); *accord Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00),* 901 F.2d 1540, 1544 (11th Cir. 1990) ("Rule 41(e) applies only to criminal proceedings and is expressly inapplicable to forfeiture of property in violation of a statute of the United States.").

Ali filed his motion, pre-indictment, as an independent motion, asserting this Court may and should exercise its equitable jurisdiction to return his wrongfully seized property. (Doc. 7).[3] The Government argues (1) the property was seized pursuant to civil forfeiture and therefore Rule 41(g) relief is not available, (doc. 9 at 4); (2), regardless, the equitable factors do not fall in his favor, (*id.* at 5–9); and (3) Ali's due process rights have not been violated, (*id.* at 10–17). At the hearing Ali's counsel stated that Ali does not allege any constitutional violations but instead disputes the existence of any civil forfeiture proceedings and contends that, regardless, the Court may exercise its equitable jurisdiction over an agency forfeiture proceeding when the "petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice," (doc. 14 at 4) (quoting *Eubanks,* 169 F.3d at 674).

### A. Jurisdiction under Rule 41(g)

Because Rule 41(g) relief is not available to challenge a civil forfeiture, the first question is whether the property is retained pursuant to the civil forfeiture statute. Ali contends it is not because he has not received notice and the Government has used language indicating it is still weighing whether to even give such notice.

1. The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

2. In 2002, Rule 41(e) was reclassified as Rule 41(g) without substantive changes.

3. Ali's Rule 41(g) motion was assigned to the undersigned as Case Number 2:15–mj–00079–JHE; however, upon his indictment, (doc. 18), the separate magistrate judge proceeding initiated by the motion was merged into his criminal case (6:15–cr–00094–LSC–JEO).

It is clear, however, from the language of the applicable statutes that the property was seized and is being retained pursuant to civil forfeiture. The property was seized pursuant to 21 U.S.C. § 881(a)(6) and (b), 18 U.S.C. § 981, and 31 U.S.C. § 5317.[4] Section 983 states in part:

*in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days* after the date of the seizure.

18 U.S.C. § 983(a)(1)(A)(i) (emphasis added). Based on this language, the civil forfeiture statute clearly intends that a nonjudicial civil forfeiture proceeding already exists at the time notice is given. Moreover, a claimant's right to file a claim in a nonjudicial civil forfeiture proceeding arises "after the seizure." *Id.* § 983(a)(2)(A).

Considering that property is seized through the procedures set out in § 981's civil forfeiture rules and claimant's rights and the government's deadlines under the statute arise upon seizure, it is clear a "nonjudicial civil forfeiture proceeding" begins at the moment the property is seized. *See also Langbord v. U.S. Dep't of the Treasury,* 783 F.3d 441, 451–52 (3d Cir.2015) (holding on similar grounds that "a 'nonjudicial civil forfeiture proceeding' commences when the Government has seized property"). Therefore, unless one of the limited exceptions applies, relief under Rule 41(g) is not available.

### B. Equitable Jurisdiction

In *Eubanks,* the Eleventh Circuit acknowledged that courts may exercise equitable jurisdiction over an agency's forfeiture decision under two limited exceptions to the general rule. *See* 169 F.3d at 674. The first, which neither side has argued is applicable here, is where an agency has refused to even consider a claimant's request it exercise its discretion not to forfeit the property. *See id.*

▪ The second, which Ali argues applies to his circumstances, (doc. 14 at 4), holds "jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." *Eubanks,* 169 F.3d at 674. "The decision to exercise equitable jurisdiction [in such circumstances] is highly discretionary and must be exercised with caution and restraint." *Id.* "Equitable jurisdiction is deemed to be 'extraordinary' and, thus, should not be exercised in every situation as to make such jurisdiction 'ordinary.'" *In re Se. Equip. Co. Search Warrant,* 746 F.Supp. 1563, 1572 (S.D.Ga.1990).

▪ Nothing about this case makes it extraordinary. Although a substantial amount of money was seized, Ali acknowledged at the hearing that his business is still operating, and the Government pointed out Ali still has additional accounts to which he has access. *See Matter of McCorkle,* 972 F.Supp. 1423, 1435 (M.D.Fla.1997) (finding, where similar facts were present, that "Movant had failed to show, through evidence, that [the] burden [was] undue"). Additionally, the undersigned reviewed the Government's warrant applications for the three accounts that were seized and determined there was probable cause to seize them in the first place. The cash was similarly seized during a raid pursuant to a search warrant. Lastly, Ali has adequate remedies at law: although he has not received notice of either agency's intent to seek administrative forfeiture, he is entitled to file a claim any time after the seizure, which would set the legal machinery in motion. *See* 18 U.S.C. § 983(a)(2)(1) & (3)(A). Ali has shown no callous disregard for his rights by the Government, no irreparable harm, and no lack of an adequate legal remedy.[5] *See Matter of Sixty Seven Thousand*

4. For their procedures, both §§ 881(b) and 5317(c)(2) point to the .civil forfeiture rules of § 981 (civil forfeiture generally) and, by extension, § 983 (general rules for civil forfeiture proceedings). *See, e.g., United States v. Simon,* No. 14–10135, 609 Fed.Appx. 1002, ——, 2015 WL 1868343, at *2 (11th Cir. Apr. 24, 2015) (addressing the notice rules of § 983 in the context of § 881(b)(6) forfeiture).

5. Although Rule 41(g)'s allowance for "reasonable conditions to protect access to the property and its use in later proceedings" is not directly applicable here, equity would allow for such con-

*Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d at 1545 (citing these as considerations to guide the court in exercising its equitable jurisdiction). If the facts of this case require prevention of manifest injustice, then claimants would be entitled to extraordinary relief anytime the civil forfeiture statute was used to seize a substantial amount of funds. The undersigned does not find these circumstances merit the exercise of this Court's equitable jurisdiction.

## II. Conclusion

Based on the foregoing, Ali's Rule 41(g) motion is **DENIED.**

ditions, if any were possible. *See Brown v. Board of Education*, 349 U.S. 294, 300, 75 S.Ct. 753, 99 L.Ed. 1083 (1955) ("Traditionally, equity has been characterized by a practical flexibility in shaping its remedies and by a facility for adjusting and reconciling public and private needs."). However, because the property in question is fungible (cash and account funds) and Ali has explicitly indicated he needs the money returned so he can spend it, (doc. 7 at 8), the undersigned does not see, and Ali was unable to satisfactorily articulate, any reasonable conditions that would provide Ali the relief he seeks and protect access to the money for future civil forfeiture and criminal proceedings.