[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2005
THOMAS K. KAHN
CLERK

No. 04-14834

D. C. Docket No. 04-20670-CV-JLK

FERNANDO MESA VALDERRAMA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(July 22, 2005)

Before DUBINA and WILSON, Circuit Judges, and COOGLER\*, District Judge.

DUBINA, Circuit Judge:

_____
\*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

Appellant, Fernando Mesa Valderrama ("Mesa"), appeals the district court's order granting the Government's Motion to Dismiss Mesa's Motion to Set Aside Administrative Forfeiture, pursuant to 18 U.S.C. § 983(e). For the reasons that follow, we affirm.

## I. BACKGROUND

*A. Facts*

Mesa is a resident and citizen of Bogota, Colombia. In 1990, Mesa purchased three investment policies from Eagle Star International Life ("Eagle Star"). Eagle Star held the policies in accounts located on the Isle of Man. Mesa made annual contributions to the policies for over a decade, but in March 2002 he requested a partial withdrawal of $100,000 from his accounts. Prior to this request, Mesa had never withdrawn money from the accounts.

On or about April 18, 2002, Eagle Star informed Mesa that it would mail a check, drawn from JP Morgan Chase Manhattan Bank, for $100,000 to its office in Bogota, Colombia. Eagle Star shipped the check in an Airborne Express package addressed to Jorge Santallana ("Santallana"), the Eagle Star registered agent in Bogota, Colombia. United States Customs officials in Miami, Florida, seized the check en route from the Isle of Man to Bogota, Colombia. According to the

2

Government, Customs seized the check for an alleged violation of 18 U.S.C. §

1956, laundering of a monetary instrument.

On May 7, 2002, Mark F. Edwards ("Edwards"), an officer with the

Customs Office of Fines, Penalties, and Forfeitures, sent written notice of the

check's seizure to Santallana. The notice identified the seized check as "one (1)

Chase Manhattan Bank for **$100,000**, in U.S. Dollars" that was "subject to

forfeiture under the provisions of *[T]itle 18, United States Code, [S]ection 981* for

violation of *[T]itle 18, United States Code, [S]ection 1956* in that the monies are

the proceeds of unlawful activity." The notice informed Santallana that all

correspondence must include the referenced seizure case number. The notice also

detailed the legal options available in response to the seizure. Customs included

in the notice important documents, such as an "Election of Proceedings" form.

The notice instructed the recipient to check options 1 or 3 on the Election of

Proceedings Form in order to contest the agency's forfeiture action, and it advised

the recipient that he had 35 days from the date of the letter to notify Customs of

his decision. Option 1 in the Election of Proceedings form provided:

> **I REQUEST THAT U.S. CUSTOMS DELAY
> FORFEITURE PROCEEDINGS AND CONSIDER MY
> PETITION OR OFFER ADMINISTRATIVELY.** My
> Petition or offer is attached herewith. By making this request I
> understand that I am giving up my right for the immediate

commencement of administrative forfeiture proceedings as provided under *19 U.S.C. 1607* and *19 CFR Part 162*. If administrative forfeiture has begun, it will be stopped until my petition or offer is considered. However, I understand that **at any time** I can request, in writing, that U.S. Customs begin administrative forfeiture proceedings and they will continue to consider my petition or offer. I also understand that **at any time** I can file a claim with U.S. Customs (as described in Box 3 below) and their consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action.

Option 3 provided:

> **I REQUEST THAT U.S. CUSTOMS SEND MY CASE FOR COURT ACTION**. Please immediately send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM as required by law. I understand that if I have not fully completed this form, U.S. Customs will treat my submission as a petition for relief (as described in Box 1, above).

On May 31, 2002, Mesa responded to Customs's letter, choosing option 1: filing an administrative petition to contest the forfeiture. On June 10, 2002, Mesa filed his administrative petition, in which he claimed that the funds in the accounts were not the proceeds of unlawful activity and requested the return of his check. Following a Customs's investigation, in April 2003, Special Agent Daniel Flores ("Agent Flores") of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") contacted Mesa. After some correspondence and conversation, including at least one in-person meeting, Mesa and Agent Flores

4

agreed to a settlement whereby Mesa would waive his claim to $40,000 and the Government would return $60,000.[1]  Agent Flores informed Mesa that he would prepare the settlement agreement and send it to Mesa.

On June 30, 2003, United States Customs and Border Protection ("CBP") sent Mesa a letter denying his request for administrative relief from forfeiture.  At this time Mesa had not received a written settlement agreement from Agent Flores.  The denial letter informed Mesa that administrative forfeiture proceedings would be initiated thirty days from the date of the letter.  Mesa claims that he disregarded this letter because of his settlement agreement with Agent Flores.  In August 2003, CBP sent Mesa another letter informing him that CBP would soon initiate summary forfeiture proceedings regarding Mesa's check.  However, the letter also advised Mesa that within 20 days from the time CBP first published notice of the proceedings, Mesa could elect to have the matter referred to federal court for judicial forfeiture proceedings.  Again, Mesa disregarded the letter.  Beginning on August 14, 2003, the Notice of Seizure and Intent to Forfeit the check was published in the *Miami Daily Business Review* for three successive weeks.  On

---

[1] The Government denies that the parties finalized a settlement agreement.  According to the Government, Agent Flores informed Mesa that the settlement agreement could not be finalized without Agent Flores's supervisor's approval.  Agent Flores subsequently learned he did not have authority to settle.

September 3, 2003, the check was summarily forfeited and a declaration of forfeiture against the check was issued the following day. After learning Mesa had obtained new counsel and receiving a request on Mesa's behalf to reinstate the case and refer it to the United States Attorney for judicial forfeiture proceedings, on September 18, 2003, Customs sent Mesa's attorney correspondence detailing the foregoing forfeiture proceedings and explaining that there was no basis to reinstate the case.

Although Customs had forfeited Mesa's check, he believed that Customs would be unable to redeem the check because he had not endorsed it. Therefore, Mesa contacted Eagle Star and requested a new check. On or about November 25, 2003, however, Eagle Star informed Mesa by letter that pursuant to instructions received from Customs, Eagle Star could not issue a new check.

*B. Procedural History*

On March 22, 2004, more than six months after learning that Customs had administratively forfeited his check, Mesa filed a Motion to Set Aside Administrative Forfeiture, pursuant to 18 U.S.C. § 983(e) and 28 U.S.C. § 1331, in district court. In support of his motion, Mesa argued that:

1. The non-negotiable check was not subject to administrative forfeiture proceedings as a matter of law;

6

2. Customs's warrantless seizure of the check violated the Fourth Amendment and applicable statutory authority;

3. Customs's warrantless constructive seizure of the Accounts violated the Fourth Amendment and applicable statutory authority;

4. Customs failed to serve the statutorily mandated notice that it had seized the Accounts thereby violating the Fifth Amendment and rendering the forfeiture void *ab initio*;

5. Customs failed to serve the statutorily mandated notice that it had commenced summary administrative forfeiture proceedings, thereby violating the Fifth Amendment and rendering the forfeiture void *ab initio*.

The Government filed a Motion to Dismiss, arguing that the court lacked subject matter jurisdiction to address Mesa's first three arguments because a claimant may only raise procedural due process claims concerning an administrative forfeiture. The Government further alleged that Mesa's fourth argument was subject to dismissal because Mesa received constructive notice of the constructive seizure of his accounts. The Government also claimed that it complied with all notice requirements regarding the administrative forfeiture of Mesa's check, thus negating Mesa's fifth argument. Lastly, the Government urged the district court

not to exercise its equitable jurisdiction to consider the case because Customs did not seize the check in callous disregard of Mesa's constitutional rights, and Mesa had an adequate remedy at law that he elected not to employ.

Mesa filed a motion in opposition to the Government's Motion to Dismiss, claiming that judicial forfeiture was the only option for forfeiting the check because the unendorsed check was not a monetary instrument. Mesa also argued that Customs had constructively seized his funds, and he challenged Customs's conclusion that the funds tied to the check were connected to illegal transactions for the exchange of United States currency for Colombian pesos.

After the government replied and Mesa filed a sur-reply, the district court issued a final order granting the Government's Motion to Dismiss. *Valderrama v. United States*, 326 F. Supp. 2d 1333, 1339 (S.D. Fla. 2004). The district court concluded that it lacked subject matter jurisdiction over Mesa's challenges to the legitimacy of the administrative forfeiture proceeding and the Government's alleged warrantless seizure of his property. Furthermore, the district court found that Mesa could not contest the agency's administrative forfeiture declaration because he had received adequate notice, but had failed to timely file a claim requesting initiation of a judicial forfeiture proceeding. As for Mesa's constructive seizure claim regarding the account from which the seized check was

8

drawn, the court found that even assuming Customs had constructively seized the account, it had done so only to protect its ability to redeem the seized check, and because the check had been forfeited, constructive seizure was no longer necessary. Mesa timely appeals the district court's order.

## II. ISSUE

Whether the district court properly concluded that it lacked subject matter jurisdiction and equitable jurisdiction to review Mesa's challenges to the legitimacy of the administrative forfeiture proceeding.

## III. STANDARDS OF REVIEW

This court reviews de novo a district court's order of dismissal, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Swann v. So. Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir. 2004). This court lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture decisions, but does have jurisdiction over claims seeking review of the adjudicatory process itself. *See Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 925 (11th Cir. 1997). The subject matter jurisdiction of the district court is a legal question that this court reviews de novo. *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1285 (11th Cir. 2001). Finally, this court reviews de novo a district court's determination of whether to exercise

its equitable jurisdiction, as this too is purely a legal question. *United States v. Martinez*, 241 F.3d 1329, 1330 (11th Cir. 2001).

## IV. DISCUSSION

In April 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, codified in part at 18 U.S.C. § 983, which overhauled procedures for most federal civil and nonjudicial forfeiture actions initiated after August 23, 2000, including those brought against property subject to forfeiture under 18 U.S.C. § 981. Customs initiated the forfeiture in this case after August 23, 2000, the date on which CAFRA became effective; hence, CAFRA governs. CAFRA sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."). Thus, a party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under 18 U.S.C. § 983(e). Section 983 provides:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if –

10

(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A).

*A. The district court properly concluded that the court lacks subject matter jurisdiction*

Mesa contends that he is not challenging Customs's forfeiture decision on the merits. Instead, he asserts two reasons why the district court erred when it found that it did not have jurisdiction to entertain his Motion to Set Aside Forfeiture. First, according to Mesa, Customs's summary forfeiture of the check was unlawful because a non-endorsed check is not a monetary instrument or any other kind of property that may be summarily forfeited in an administrative forfeiture under 19 U.S.C. § 1607.[2] Mesa asserts that the district court has federal

---

[2] Pursuant to 19 U.S.C. § 1607(a)(4), if

such seized merchandise is any monetary instrument within the meaning of section 5312(a)(3) of Title 31; the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

"Monetary instruments" pursuant to 31 U.S.C. § 5312(a)(3)(C) includes "checks, drafts, notes, money orders, and other similar instruments which are drawn on or by a foreign financial institution and are not in bearer form."

11

question jurisdiction as well as equitable jurisdiction to consider this issue pursuant to 5 U.S.C. § 706(2), authorizing reviewing courts to hold unlawful and set aside agency action that is contrary to the law or in excess of statutory jurisdiction, authority, or limitations. Second, Mesa contends that the funds in his Eagle Star account should not have been forfeited because Customs never provided him with the statutorily required written notice that the funds were seized, nor did it make any reference to said funds when it published its intent to summarily forfeit Mesa's check.

The Government responds that the district court properly dismissed Mesa's Motion to Set Aside Forfeiture because it did not have jurisdiction to consider Mesa's challenges to the merits of the forfeiture action in the context of a motion to set aside the administrative forfeiture action. If Mesa had wanted to challenge the validity of the agency's seizure and forfeiture of the check, the Government contends he was required to file a claim and request the initiation of a civil judicial forfeiture proceeding. Moreover, the Government notes that 18 U.S.C. § 983(e) is the exclusive remedy available to persons challenging nonjudicial forfeiture actions providing relief only in instances where the injured party did not receive adequate notice to challenge the proceeding and the record shows Mesa received notice in sufficient time to challenge the proceeding and acknowledges receiving

12

such notice. Therefore, the Government argues, Mesa is not entitled to relief. We agree with the Government.

Section 983(e) is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). This court has determined that it lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture determinations. *See Arango*, 115 F.3d at 925. Instead, the court's review "is limited to determining whether the agency followed the proper procedural safeguards" in forfeiting Mesa's check. *See Scarabin v. Drug Enforcement Admin.*, 919 F.2d 337, 338 (5th Cir. 1990) (noting that review of administrative forfeiture is limited to review of the procedure); *see, e.g., United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000); *Boero v. Drug Enforcement Admin.*, 111 F.3d 301, 304-05 (2d Cir. 1997); *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996); *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995); *cf. In re Matter of $67,470.00,* 901 F.2d 1540, 1545 (11th Cir. 1990) (holding that equitable jurisdiction may be appropriate if the claimant's "failure to properly seek legal relief resulted from errors of procedure and form or the government's own misconduct"). Thus, the district court correctly determined that it did not have jurisdiction to consider Mesa's challenges to the merits of Customs's forfeiture of the check.

This court will not consider Mesa's argument that Customs lacked authority to administratively forfeit the unendorsed check because it did not qualify as a monetary instrument under 19 U.S.C. § 1607: this is not a challenge to the process of forfeiture; rather, it is a challenge to the merits. Section 983(e) provides his exclusive remedy to challenge the administrative forfeiture. The only issue this court can consider is whether Mesa received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting the check. And, the record clearly demonstrates that Mesa received the appropriate notice of the seizure and the summary forfeiture actions taken by Customs.

Furthermore, individuals whose property interests are at stake due to government actions are entitled to notice of the proceedings and an opportunity to be heard. *See Dusenbery v. United States*, 534 U.S. 161, 167-68, 122 S. Ct. 694, 699-700 (2002). The notice necessary to satisfy due process requires only that interested persons be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950). Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was

14

successful in providing actual notice. *Dusenbery*, 534 U.S. at 170, 122 S. Ct. at 701. Here, the Government's notice was reasonable and comported with statutory and due process requirements.[3]

## B. *Equitable jurisdiction*

Mesa also challenges the district court's failure to invoke its equitable jurisdiction to consider his claims. "The [court's] decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint." *In re Matter of $67,470.00*, 901 F.2d at 1544. "Such jurisdiction, therefore, is only appropriate in exceptional cases where equity demands intervention." *Id.* The court is guided by several considerations in deciding whether to exercise equitable jurisdiction: "(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law." *Id.* at 1545 (quotation omitted).

---

[3] As for Mesa's arguments regarding the Administrative Procedures Act, he failed to raise this challenge in the district court. Consequently, absent a showing of plain error, of which this court finds none, the court will not consider this challenge. *See United States v. Pease*, 240 F.3d 938, 943-44 (11th Cir. 2001).

15

The district court did not err in refusing to exercise its equitable jurisdiction in this case. Mesa received all the required notice in this case in sufficient time to challenge the forfeiture proceeding. "It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law." *Id.* at 1545. Consequently, because the Customs's forfeiture proceeding provided a sufficient legal basis to contest forfeiture of the check, Mesa is not entitled to equitable relief. *See United States v. Eubanks*, 169 F.3d 672, 673-74 (11th Cir. 1999); *In re Matter of $67,470.00*, 901 F.2d at 1545 ("Although such jurisdiction might be appropriate when a petitioner's failure to properly seek legal relief resulted from errors of procedure and form or the government's own misconduct, it cannot be used to enable a petitioner to rescind his own choice as to which avenue of relief to pursue.").[4]

*C. Constructive seizure of the account*

---

[4]Furthermore, as the Government notes, assuming *arguendo* that some other vehicle provided jurisdiction to the court, Mesa still would not be entitled to relief. Mesa's principal argument is that Customs exceeded its authority in initiating a nonjudicial forfeiture proceeding and ultimately forfeiting the check. According to Mesa, Customs's authority is limited by 19 U.S.C. § 1607 as to the types of property that it can forfeit administratively. Mesa's argument ignores the fact that Customs brought the forfeiture action in his case pursuant to 18 U.S.C. § 981. Customs was not confined to administratively forfeiting only the types of property identified in 19 U.S.C. § 1607 when it seized the unendorsed check under 18 U.S.C. § 981, based on violations of 18 U.S.C. § 1956.

16

The district court correctly determined that the Government constructively seized the accounts only to protect its ability to redeem the seized check. Thus, the district court properly entered an order stating that the accounts are no longer seized. The court's order specifically provides that "the Government shall promptly notify Eagle Star International Life that any remaining assets in Plaintiff's accounts are no longer subject to constructive seizure." Any challenge Mesa makes regarding the constructive seizure of his accounts is now moot.

## V.  CONCLUSION

For the foregoing reasons, we affirm the district court's order granting the Government's Motion to Dismiss.

**AFFIRMED.**