[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10231
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-00627-CV-W-N

JACQUARD MERRITT,

Plaintiff-Appellant,

versus

DRUG ENFORCEMENT ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 28, 2010)

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

Jacquard Merritt appeals the district court's dismissal of his civil action seeking to set aside the Drug Enforcement Administration's seizure and the subsequent forfeiture of $8,000 in United States currency.

A district court's jurisdiction to review forfeiture orders is limited to deciding whether the agency properly followed the procedural safeguards of the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983. *See Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005). The district court properly concluded that Merritt alleged nothing that brought into question the procedural aspects of the forfeiture. (R.1-14.) And, it properly concluded that it lacked jurisdiction to review the merits of a properly executed administrative forfeiture for the reasons stated in its memorandum opinion and order. (*Id.*)

Additionally, we find no error in the district court's decision not to exercise equitable jurisdiction. As in *Valderrama*, Merritt "received all the required notice . . . in sufficient time to challenge the forfeiture proceeding. 'It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law.'" 417 F.3d at 1197 (quoting *In re Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1545 (11th Cir. 1990)).

AFFIRMED.