In re $20,000 IN U.S. CURRENCY,

Ivory Yates, Claimant/Movant,

v.

United States of America, Respondent.

Case No. 1:12 MC 95.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 27, 2012.

Myron P. Watson, Cleveland, OH, for Claimant/Movant.

Herbert J. Villa, Office of the U.S. Attorney, Cleveland, OH, for Respondent.

## JUDGMENT ORDER

DONALD C. NUGENT, District Judge.

This case is before the Court on the Government's Motion for Dismiss Motion for Return of Seized Property. (ECF # 3). The Government claims that this Court lacks jurisdiction to review the merits of an administrative forfeiture, such as the one at issue in this case. Further, the Government claims that the claimant's request for return of the seized property was procedurally deficient, and that the claimant did not cure the defect even after the Government provided notice of the defect and granted additional time to allow for a correction. The claimant opposes the Government's motion arguing that there was no defect in the original claim for return of the seized property. He does not, however, directly address the jurisdictional question raised in the Government's motion.

Chapter 18 U.S.C. § 983(e) provides that a motion to set aside a forfeiture may be filed if notice was not provided. It also establishes that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture

statute." 18 U.S.C. § 983(e). Courts have also consistently held that district courts lack jurisdiction to review administrative forfeitures except for failure to comply with the procedural requirements set forth in the statute. *See, e.g., Valderrama v. United States,* 417 F.3d 1189, 1196 (11th Cir.2005); *McKinney v. U.S. Dept. of Justice,* 580 F.Supp.2d 1, 3 (D.D.C.2008). The claimant has not cited any cases where courts have held otherwise with regard to a non-judicial civil forfeiture. The Court, therefore, is without authority to hear a claim based on anything other than a failure of notice.

■ Even if the Court did have such authority, however, the claimants' arguments are all based on a presumption that she filed a timely and sufficient claim for return of the forfeited property. As evidenced by the documentation presented by the Government, which has not been challenged or contradicted by the claimant, the claim made by the claimant was not sufficient under the statute because it did not state the claimant's interest in the property as required by 18 U.S.C. § 983(a)(2)(C)(ii). The claim asserts only that Ivory Yates was in possession of the $20,000 at the time of its seizure. There is no averment that he is or was the rightful or legal owner of the property, or that he had any other legal interest in the property. (ECF # 3-1). Upon receipt of the defective claim, the Government alerted Mr. Yates' attorney to the failure to state the claimant's interest in the property. Rather than correct the claim, claimant's attorney responded that he believed the claim to be "valid and properly submitted." This however was not true. An allegation of possession is not a statement of a legal interest which would entitle a claimant to challenge a forfeiture. The cases cited by claimant in support of his position do not

support his position. In each of those cases the claimant at a minimum asserted ownership of the property at issue. Mr. Ivory's claim did not assert that he was the owner of the property. There is no question he was in possession of the property at the time of the seizure, however, as stated above, possession is not the equivalent of ownership and does not necessarily translate to any legal interest in the property. The claimant was given every opportunity to amend his claim and he (or his attorney) not only failed, but refused to do so. Therefore, no valid claim was timely presented and the statutory prerequisites for filing his motion for the return of seized property were never fulfilled.

For the reasons set forth above, the Government's Motion to Dismiss is granted. (ECF # 3). This case is hereby dismissed with prejudice. IT IS SO ORDERED.