CLD-304                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1960
_____

FLOYD STANHOPE FRANCIS,
                                                    Appellant
v.

FEDERAL AGENTS GREGORY MILIGAN; ELIZABETH K. MACDONALD;
EDWARD P. TROY; JAMES RAFTER; DAVID M. SARKISIAN; JEFFREY R.
KOCHER; MARISELLA I. VALENZUELA; FEDERAL AGENT JOHN A. LITCHKO;
FRANK MASTRANGELO; PETE GIZAS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-11-cv-03205)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 27, 2013

Before: RENDELL, JORDAN and SHWARTZ , Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____

PER CURIAM

Floyd Stanhope Francis pleaded guilty in 2009 to federal drug and firearms

offenses.  In 2011, he filed a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that a search and seizure of his car, and the subsequent administrative forfeiture of that car and $35,990, violated his constitutional rights.  He sought damages and the return of the forfeited property.  The Defendants moved to dismiss the complaint on, <u>inter</u> <u>alia</u>, the grounds that the search and seizure claim was barred by the statute of limitations and the forfeiture claim could not be brought under <u>Bivens</u>.  The District Court granted the motion, and Francis appeals.  Because the appeal does not present a substantial question, we will summarily affirm the order granting the motion to dismiss.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the decision to grant the motion to dismiss.  <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000).  When considering a motion to dismiss a complaint, a court must view the factual allegations as true and dismiss only if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

Francis claimed that his car and cash were seized in violation of the Fourth Amendment.  This <u>Bivens</u> claim is governed by Pennsylvania's two-year statute of limitations for tort actions.  <u>See</u> <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009); <u>Napier v. Thirty or More Unidentified Fed. Agents</u>, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988).  The claim accrued, and the statute of limitations began to run, when Francis knew or should have known of the injury on which the claim is based.  <u>See</u> <u>Sameric Corp. v. Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998).  Francis alleged in his second amended

2

complaint that he became aware of the seizure of his property on March 6, 2009. But he did not file suit until May 12, 2011 – more than two years after he learned of the seizure. Francis argues that the limitations period should be extended because he did not know he was injured, i.e., that the search and seizure were allegedly illegal, at the time he became aware of the search and seizure. However, it is clear from the second amended complaint that Francis knew on March 6, 2009, that his car had been searched without his consent and that his property had been seized. As the District Court concluded, Francis was therefore on notice of a potential wrong and the burden was upon him to investigate whether he was entitled to redress.[1] See Zeleznik v. United States, 770 F.2d 20, 23 (3d Cir. 1985). Accordingly, the search and seizure claim is time-barred.

Francis also claimed that the Defendants failed to give him adequate notice of the forfeiture of his property. The District Court held that the such a claim was not cognizable in a Bivens action because an alternative and exclusive remedy is set forth in 18 U.S.C. § 983(e). That statute concerns motions to set aside civil forfeitures and states in pertinent part that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture." § 983(e)(1). It further states that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." § 983(e)(5). By its

---

[1] In his pro se complaint, Francis stated that sometime in late March or early April 2009, he fired the attorney representing him in the criminal prosecution because he refused to challenge the unlawful search. This tends to show that Francis knew of the wrong at least by mid-April 2009, yet he did not file his Bivens suit until May 12, 2011.

3

plain language, the statute provides a remedy for the very claim Francis sought to bring under <u>Bivens</u>, and it provides the *exclusive* remedy for such a claim. <u>See</u> <u>Mesa Valderrama v. United States</u>, 417 F.3d 1189, 1195-96 (11th Cir. 2005). Courts should not extend <u>Bivens</u> when an alternative remedy exists. <u>See</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 74 (2001). Accordingly, the forfeiture claim cannot be brought under <u>Bivens</u>.

For these reasons, the District Court properly granted the Defendants' motion to dismiss. There being no substantial question presented by this appeal, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Appellant's motions to vacate and for appointment of counsel are denied.

4