CLD-253                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4112
_____

JEREMY WILLIAMS,
                                                Appellant

v.

DRUG ENFORCEMENT ADMININSTRATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:12-cv-00850)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: August 12, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jeremy Williams, a federal prisoner, appeals from an order of the District Court granting the Drug Enforcement Administration's (DEA) motion for summary judgment. For the following reasons, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

On July 22, 2010, when Williams was arrested in connection with a drug investigation conducted by the DEA, federal law enforcement officers seized a 2006 BMW from the indoor parking garage where Williams lived. Thereafter, the DEA instituted administrative forfeiture proceedings with respect to the seized vehicle and sent notice of such action to Williams in August 2010. The notice included information regarding how to file a claim to initiate a judicial forfeiture proceeding and explained the option of filing a petition for remission or mitigation. The DEA also published notice of the seizure in the Wall Street Journal on three separate occasions.

In September 2010, Williams's attorney filed a petition for remission of forfeiture, asserting that the BMW had been purchased with insurance proceeds following an accident. In November 2010, after Williams did not file a claim to initiate judicial forfeiture proceedings, the DEA administratively forfeited the BMW to the United States pursuant to 19 U.S.C. § 1609.[1] Around that time, the DEA also requested additional

---

[1] The United States may, pursuant to summary procedures set forth in 19 U.S.C. §§ 1602-19, without resorting to judicial proceedings, issue a declaration of forfeiture for property worth less than $500,000 that is otherwise subject to criminal forfeiture. See 21 U.S.C. § 881(d) (providing that summary forfeitures under drug laws will be governed by provisions of law applicable to such forfeitures under customs laws).

information from Williams to support his petition for remission.  Williams provided

additional information, but the petition was later denied on grounds that Williams had

failed to adequately demonstrate that the BMW had been purchased with legitimate

funds.

In February 2012, Williams filed in the District Court the motion at issue, arguing

that he was entitled to the return of the seized BMW.  Although Williams did not cite any

authority in his motion, he contended that the BMW should be returned to him because a

warrant had not been issued for its seizure.[2]  He further argued that the vehicle had not

been purchased with proceeds from drug transactions and that there was no probable

cause to believe that it had been used during the commission of a crime.

The DEA moved to dismiss the motion, or, in the alternative, for summary

judgment, arguing that the District Court lacked jurisdiction to review Williams's claims.

After affording the parties an opportunity to file supplemental responses, the District

Court granted the DEA's motion for summary judgment.  This appeal followed.[3]

Under the Federal Rules of Criminal Procedure, "[a] person aggrieved by an

unlawful search and seizure of property or by the deprivation of property may move for

---

[2] Williams did not dispute that a warrant had been issued for his arrest.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's grant of summary judgment de novo and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013).  Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

the property's return." See Fed. R. Crim. P. 41(g). However, Rule 41(g) cannot be used to recover property that has already been forfeited to the Government. See United States v. Watkins, 120 F.3d 254, 256 (11th Cir. 1997) (per curiam) (explaining that the government's admission that property, in that case, money, was administratively forfeited "deprive[s] the court of authority to grant the Rule 41(g) motion"). Because Williams's property had already been forfeited at the time he filed his motion in the District Court, Williams could only proceed under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), which provides "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5); see also Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005). Although federal courts lack jurisdiction to review the merits of administrative or nonjudicial forfeitures under CAFRA, courts may "determin[e] whether the agency followed the proper procedural safeguards."[4] Mesa, 417 F.3d at 1196 (internal quotation marks omitted); see also United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc) (holding that "a district court has jurisdiction to consider a claim that a person received inadequate notice of completed administrative forfeiture proceedings"); Malladi Drugs & Pharm. Ltd. v. Tandy, 552 F.3d 885, 889 (D.C. Cir. 2009) (determining that the court would not

---

[4] Proper procedure requires that the seizing agency send written notice of the seizure "to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). That notice must "be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i).

grant judicial review of administrative forfeiture where the claimant failed to avail itself of its right to have case referred for judicial forfeiture).

Having reviewed the record, we agree with the District Court that there is no genuine issue of material fact with regard to whether the DEA provided Williams with notice of the administrative forfeiture proceedings and the opportunity to file a claim and contest the forfeiture in court. Indeed, Williams does not dispute that he received proper notice from the DEA and that he declined to file a judicial claim. Rather, he argues that the BMW should be returned because his Fourth Amendment rights were violated at the time of its seizure. However, because Williams's arguments go to the underlying merits of the administrative forfeiture, the District Court lacked jurisdiction to consider them.[5] Summary judgment in favor of the DEA was therefore appropriate.[6]

Accordingly, we will affirm the District Court's order.

---

[5] The District Court correctly declined to review Williams's argument that the BMW should be returned to him because there was no probable cause to find that it was used in connection with a drug transaction. Clearly, such an argument goes to the merits of the administrative forfeiture. The District Court did, however, review the merits of Williams's additional argument that the BMW should be returned to him because the DEA did not have a warrant for its seizure. We conclude that it was improper for the District Court to have reviewed this argument because such a question also falls outside of the District Court's jurisdiction.

[6] We note that in response to the Government's motion for summary judgment, Williams appeared to seek leave to amend his motion to include claims under 42 U.S.C. §§ 1983, 1985 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons identified by the District Court, we agree that such amendments would have been futile, see Grayson v. Mayview State Hosp. 293 F.3d 103, 112-13 (3d Cir. 2002). Thus, the request was correctly denied.