# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1679

_____

United States of America

*Plaintiff - Appellee*

v.

Robbin Croskey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 25, 2015
Filed: September 30, 2015
[Unpublished]

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

The government charged Robbin Croskey with conspiring to commit drug-trafficking and money-laundering offenses. Hung juries following her July 2012 and

December 2013 trials resulted in mistrials. In January 2014, the district court[1] granted the government's motion to dismiss the charges against Croskey without prejudice. Croskey filed a pro se motion for return of property under Federal Rule of Criminal Procedure 41(g), which the government opposed in part, arguing that the items had been properly forfeited in administrative forfeiture actions. The district court denied the motion as to the items the government contested, stating that Croskey had "received proper notice of both the seizures themselves and the administrative forfeiture action." Croskey appealed, and this court ordered briefing on whether the government's notice of administrative forfeiture of two vehicles—a Dodge Challenger and a Chevrolet Tahoe—complied with due process. The parties filed briefs, and the government has filed a motion under Federal Rule of Appellate Procedure 10(e) to supplement the record, which Croskey opposes. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Although the proper avenue for Croskey to challenge the forfeiture was a motion to set aside, *see* 18 U.S.C. § 983(e)(1), (5) (motion to set aside nonjudicial forfeiture shall be exclusive remedy for seeking to set aside declaration of forfeiture), the district court properly gave liberal construction to Croskey's Rule 41(g) motion as challenging the adequacy of the government's notice, *see United States v. Woodall*, 12 F.3d 791, 793-94 & n.1 (8th Cir. 1993) (liberally construing Rule 41 motion as collateral attack on adequacy of notice of administrative forfeiture), *overruled on other grounds by Dusenbery v. United States*, 534 U.S. 161, 166-67 & n.3, 170 (2002). In a motion to set aside, Croskey may challenge whether the Drug Enforcement Agency (DEA) provided adequate notice of the administrative forfeitures, but cannot challenge the merits of the administrative forfeiture actions. *See Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005) (federal courts have jurisdiction to review whether notice provided in administrative forfeiture action

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

afforded claimant constitutional due process, and if notice failed to comport with due process, forfeiture action is void); *Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (court lacked jurisdiction to review merits of administrative or nonjudicial forfeiture, and instead review was limited to determining whether agency followed proper procedural safeguards).

The government's motion to supplement the record is granted. Croskey's pleading error in the district court prevented the government from submitting evidence regarding the Tahoe. *See Ortiz v. United States*, 664 F.3d 1151, 1164-65 (8th Cir. 2011) (acknowledging narrow interest-of-justice exception to general rule that appellate court cannot consider evidence that was not contained in record below); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63-64 (8th Cir. 1993) (considering new evidence submitted on appeal, where appellee's misrepresentation—willful or otherwise—left district court with incomplete factual record, and failure to submit evidence to district court was not due to lack of diligence by appellant).

This court reviews de novo the district court's conclusion that Croskey received "proper notice," *see Lobzun*, 422 F.3d at 507 (de novo review of whether DEA's notice procedures complied with due process), and concludes that the government submitted sufficient evidence to show that it took reasonable steps to notify Croskey of the forfeitures, *see* 18 U.S.C. § 983(e)(1)(B) (providing that motion to set aside forfeiture shall be granted if, inter alia, "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim"); *Dusenbery*, 534 U.S. at 168-73 (due process clause requires government's notice efforts be reasonably calculated under all circumstances to apprise interested parties of pendency of administrative forfeiture action; actual notice is not required). The government sent notice of the forfeiture of the watches and the Tahoe to Chet Pleban (based on Croskey's statement at her initial appearance that she would retain Pleban as counsel, although Pleban only entered an appearance on behalf of Croskey's co-

defendant Kevin White), to White's residence (for which it appears Croskey signed), and to Croskey's home and business addresses in Atlanta before her arrest. The government also published notice in the Wall Street Journal of its intended forfeiture of the Tahoe. As to the Challenger, the government sent notices to Croskey's business address before and after her arrest. During her first trial, when asked why she did not file a claim for the Challenger, Croskey did not dispute notice of the forfeiture proceedings but instead stated: "I went to Chet Pleban and gave him all the paperwork." The notice was sufficient.

The judgment is affirmed.

_____