[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13294
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00228-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN JOSEPH MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2016)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Calvin Moore, through counsel, appeals the district court's denial of his *pro se* motion to set aside or vacate a civil forfeiture for lack of notice. Moore argues that the district court erroneously docketed his civil motion in his underlying criminal case, in which the money at issue was seized during Moore's arrest for attempting to possess with intent to distribute 500 grams or more of cocaine. Moore and the Government agree the motion should have been construed as a motion to set aside forfeiture under 18 U.S.C. §983(e). As a result of the docketing error, and because the money was forfeited civilly rather than as part of his criminal case, Moore argues that the district court lacked jurisdiction to render a judgment on the merits. In the alternative, Moore argues, and the Government agrees, that a remand for further proceedings is necessary so that the district court can properly treat his pro se motion as a §983(e) motion challenging the administrative forfeiture.

This Court lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture decisions, but we do have jurisdiction over claims seeking review of the adjudicatory process itself. Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005). The subject matter jurisdiction of the district court is a legal question that we review de novo. Id. In reviewing a district court's civil forfeiture determination, we review the district court's factual findings for clear error and its conclusions of law de novo. United States v. One 1990

2

Beechcraft, 1900 C Twin Engine Turbo-Prop Aircraft, Venez. Registration No. YV219T, Serial UC118, 619 F.3d 1275, 1277 n.4 (11th Cir. 2010).  *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Money derived from illegal drug transactions is subject to administrative forfeiture under 21 U.S.C. § 881(a)(6).  A party seeking to challenge a nonjudicial forfeiture is limited to doing so under 18 U.S.C. § 983(e).  Mesa Valderrama, 417 F.3d at 1195.  Section 983(e)(1) provides that any person entitled to written notice in a nonjudicial civil forfeiture proceeding who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which shall be granted if: (a) the government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (b) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.  A §983(e) motion to set aside forfeiture is "the functional equivalent of a complaint in a civil case." United States v. De La Mata, 535 F.3d 1267, 1278 (11th Cir. 2008).

For a criminal forfeiture, if a convicted defendant's interest in property is to be forfeited to the government, the district court must provide for the forfeiture as

part of the defendant's sentence.  21 U.S.C. §853(a); see also De La Mata, 535 F.3d at 1271.

Here, it is undisputed that the forfeiture at issue is an administrative forfeiture carried out by the United States Drug Enforcement Administration. The district court should have construed Moore's pro se motion as a motion to set aside assert forfeiture under 18 U.S.C. §983(e) and docketed it as a new civil matter, but its failure to do so did not deprive the court of jurisdiction.  However, the district court erred in determining that Moore received sufficient notice of the civil forfeiture at his sentencing hearing because that hearing took place after the civil forfeiture had been completed.   A §983(e) challenge to an administrative forfeiture is a new civil proceeding, not a continuation of the underlying criminal case. The district court's order is vacated and this case is remanded for further proceedings in accordance with this opinion.

VACATED AND REMANDED.