Alvin THOMAS, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 15-15502
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(March 1, 2017)

---

Alvin Thomas, Pro Se

FCI Ashland Warden, Warden, Ashland, KY, for Plaintiff-Appellant

Dahil Dueno Goss, John Andrew Horn, Lawrence R. Sommerfeld, George Jeffrey Viscomi, Assistant U.S. Attorney, U.S. Attorney's Office, Atlanta, GA, for Defendant-Appellee

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Alvin Thomas, proceeding pro se, appeals the district court's denial of his motion for return of property and his related motion for reconsideration. The district court granted the government's motion for reconsideration of a previous order mandating an evidentiary hearing on Thomas's motion for return of property under 18 U.S.C. § 983(e). On appeal, Thomas argues that the district court erred by construing his pleading as a motion for return of property under 18 U.S.C. § 983(e). He also argues that the district court erred in finding that the government properly served notice of his forfeiture proceedings in accordance with due process.[1] After a careful review of the record and the parties' briefs, we affirm.

I.

Court records show that a federal grand jury in Pennsylvania (*Thomas I*) originally charged Thomas with three drug felony counts in August 2006. As soon as the Pennsylvania indictment was issued, Customs and Border Protection agents seized Thomas's 2001 BMW and approximately $200,000 from his various bank accounts that were located in Georgia. Following the seizure, the government sent administrative forfeiture notices to Thomas's previous residence and to the attorney representing him in the Pennsylvania criminal proceedings, Thomas Livingston. Some of the forfeiture notices were also published in the Atlanta Journal Constitution for three consecutive weeks in December 2006.

A federal grand jury in the Northern District of Georgia (*Thomas II*) then charged Thomas with money-laundering and structuring transactions pertaining to "monies generated by the sale and distribution of controlled substances." Thereafter, *Thomas I* was resolved and the government dismissed the *Thomas II* indictment.

In 2011, four and a half years after his property was seized, Thomas sent a letter to the district court seeking the return of his forfeited property. The district court,

---

1. Thomas also contends that the district court should have exercised equitable jurisdiction in affording him another form of relief. As Thomas raised this issue for the first time on appeal, it will not be considered by this court. *See Access Now, Inc. v. Sw. Airlines, Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

in 2013, issued an order in which it construed Thomas's letter to have raised a civil claim under 18 U.S.C. § 983(e) and granted Thomas an evidentiary hearing. In 2015, the government moved the district court to reconsider its decision to hold an evidentiary hearing, and the district court granted the motion. Thomas then filed his own motion for reconsideration, which the district court subsequently denied. This is his appeal.[2]

## II.

In considering a district court's civil forfeiture determination, we review the court's factual findings for clear error and conclusions of law de novo. *United States v. One 1990 Beechcraft, 1900 C Twin Engine Turbo–Prop Aircraft, Venez. Registration No. YV219T, Serial UC118*, 619 F.3d 1275, 1277 n.4 (11th Cir. 2010). Pro se briefs and pleadings are construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Moreover, a court is entitled to "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize" it, so that it "better correspond[s] [to its] substance ... and its underlying legal basis." *See Castro v. United States*, 540 U.S. 375, 381–82, 124 S.Ct. 786, 791–92, 157 L.Ed.2d 778 (2003). Nevertheless, an issue raised for the first time on appeal will not be considered by this court. *Access Now*, 385 F.3d at 1331.

Federal officials can seize and forfeit any funds associated with drug transactions. 21 U.S.C.§ 881(a)(6), (b). The Civil Forfeiture Reform Act (CAFRA) provides the exclusive remedy for a person seeking to set aside a declaration of civil forfeiture. 18 U.S.C. § 983(e)(5); *see Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005). "[A] party seeking to challenge a nonjudicial forfeiture ... is limited to doing so under [§ 983(e) ]." *Id.*

## III.

■ Thomas argues that the district court erred in construing his initial letter asking for the return of his property as a claim under 18 U.S.C. § 983(e). This argument fails for two reasons. First, to the extent Thomas raises the issue for the first time on appeal, he has waived it. *See Access Now*, 385 F.3d at 1331. Second, even if preserved, Thomas's 2001 BMW and cash assets were forfeited pursuant to 18 U.S.C. § 981. Accordingly, Thomas's arguments concerning the inapplicability of 18 U.S.C. § 983 are unavailing. Moreover, Thomas's letter did not state that he wished to raise a claim against the government for a deprivation of rights. Rather, the letter requested the return of property. Therefore, Thomas was merely requesting the return of his property, and because § 983(e) was the only avenue to pursue such a claim, the district court did not err in construing Thomas's letter as a motion under § 983.

---

**2.** We note that "[a]n appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal" the original judgment. *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738 n.1 (5th Cir. 1980) (internal quotation marks omitted); *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit). Here, the notice of appeal numerically designated only the order granting the government's motion for reconsideration, and the order denying Thomas's post-judgment motion. The notice however did list October 13, 2015 as the date of the former ruling, which actually corresponded to the final order denying Thomas's motion. Thus, because Thomas is a pro se litigant, and because it appears he intended to appeal the original order denying his motion, as well as his post-judgment motion for reconsideration, we construe his notice of appeal to include such orders.

## IV.

■ A district court does not have to hold an evidentiary hearing if there "were no questions of fact to be resolved." *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1440 (11th Cir. 1984).

We have determined that we lack jurisdiction to review the merits of administrative or nonjudicial forfeitures under CAFRA. *See Mesa Valderrama*, 417 F.3d at 1196. Instead, our "review is limited to whether the agency followed the proper procedural safeguards." *Id.* (internal quotation marks omitted). "The only issue this court can consider is whether [Thomas] received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting [his property]." *See id.*

Due process requires that individuals whose property interests are at risk due to government action receive notice and an opportunity to be heard. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657. "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama*, 417 F.3d at 1197. Reasonable notice is satisfied in forfeiture cases when notice is provided "to a party's attorney, even where the attorney only represented the party in a pending and related proceeding." *See United States v. Davenport*, 668 F.3d 1316, 1323 (11th Cir. 2012).

Here, the district court did not err in finding that the government took proper steps to apprise Thomas of the forfeiture. The government sent notices to Thomas's Pennsylvania attorney, Livingston, who was representing him in a related proceeding. Thomas's Pennsylvania criminal proceedings were related to his forfeiture proceedings because: (1) Thomas's indictment in Pennsylvania triggered the Georgia forfeiture proceedings; (2) the conduct underlying the Pennsylvania proceedings—a cocaine distribution organization with ties to both Pittsburgh and Atlanta—was the same conduct that provided the basis for the Georgia forfeiture proceedings; and (3) any legal proceedings would involve the same witnesses and same evidence. Thus, the government provided Thomas reasonable notice when it apprised Livingston of the forfeiture. *See Davenport*, 668 F.3d at 1323.

Finally, because the district court was able to determine that the proceedings were related and that notice was proper from the record, there were no questions of fact to be resolved. Therefore, the district court did not err in determining that an evidentiary hearing was not necessary, and in granting the government's motion for reconsideration on that basis. *See Five Hundred Thousand Dollars*, 730 F.2d at 1440. Accordingly, we affirm.

**AFFIRMED.**[3]

---

3. Thomas has also moved our court for leave to amend his brief to add an additional sum to the list of cash forfeited. That motion is denied.