[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12494
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22008-AOR

KENNETH D. HUMPHREY,
Former Customs and Border Protection Officer,

Plaintiff-Appellant,

versus

US DEPARTMENT OF HOMELAND SECURITY,
Jeh Charles Johnson, Secretary/US Customs and Border Protection,
US DEPARTMENT OF HOMELAND SECURITY,
Janet Napolitano, Former Secretary (Until Fall 2013)/US Customs and Border
Protection,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 1, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Humphrey, proceeding *pro se*, appeals the district court's grant of the Department of Homeland Security's (DHS) motion to dismiss the claims in his complaint on the basis of *res judicata* and for a lack of subject matter jurisdiction. In 2011, Humphrey filed a complaint against the Secretary of DHS, his employer, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA), and a conspiracy to obstruct justice, in violation of 42 U.S.C. § 1985. After summary judgment was entered in favor of DHS, Humphrey filed the present suit, again against the Secretary of DHS, raising the same claims as before and adding claims that his right to due process under the 5th and 14th Amendments was violated. The district court held that all the claims were barred by *res judicata* and, additionally, the new constitutional claims failed for lack of subject matter jurisdiction. After review,[1] we affirm.

The doctrine of *res judicata* bars the filing of claims that were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). *Res judicata* bars a claim in a prior case if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are

---

[1]   The determination that a claim is barred on the basis of *res judicata* is a determination of law, and we review such a decision *de novo*. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). We review questions concerning a district court's subject matter jurisdiction *de novo*. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1194 (11th Cir. 2005).

2

identical in both suits; and (4) the same cause of action is involved in both cases."
*Id.* "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* at 1239 (quotations omitted).

The doctrine of *res judicata* bars Humphrey from litigating all of the claims in his current complaint. Humphrey's prior litigation (*Humphrey I*) was decided in a court of competent jurisdiction, and resulted in a final judgment on the merits when the district court granted summary judgment in favor of DHS as to all of Humphrey's claims. In addition, the parties were identical because Humphrey sued DHS in both proceedings. Even though Humphrey's current complaint now names Jeh Charles Johnson and Janet Napolitano, both were sued in their official capacities, meaning that the action was treated as having been pled against DHS. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent").

Both cases involved the same cause of action, as the claims in both cases come from a common nucleus of operative fact, namely the November 2008 dispute with airport employees and the ensuing "final hatchet issue of discriminatory and retaliatory actions." Moreover, Humphrey asserts in both cases

3

identical claims of violations of Title VII, the ADEA, and § 1985. As both

*Humphrey I* and the current complaint arise out of the same nucleus of operative

fact, all claims that could have been raised in *Humphrey I* are barred by *res

judicata*. *See Ragsdale*, 193 F.3d at 1238. Therefore, while Humphrey raised his

constitutional claims for the first time in his current complaint, they are barred,

leaving him with no claims on which to proceed.[2]

Moreover, Humphrey's constitutional claims were also properly dismissed

for a lack of subject matter jurisdiction. As an initial matter, his Fourteenth

Amendment claim fails because he asserts it against DHS, a federal agency.

Therefore, because his complaint fails to assert a claim arising out of a state action,

it is barred. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)

(explaining because the Fourteenth Amendment is directed at the states, it can only

be violated by conduct fairly characterized as a "state action"). As to his Fifth

Amendment claim, it is barred even when liberally construed as seeking both

damages and equitable relief. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th

Cir. 2008) (stating *pro se* pleadings are held to a less-strict standard than counseled

pleadings and thus are liberally construed). With regard to damages, absent a

---

[2] We have previously rejected the argument that a manifest injustice exception should be applied, noting that "[t]here is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*." *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1294 (11th Cir. 2010) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). We further held that, even if such an exception existed, application of *res judicata* would not be unjust, because the plaintiff already had his day in court, and could have advanced his later claims in the prior litigation. *Id.*

waiver, sovereign immunity shields the federal government and its agencies from suit. *See JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," and "[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit." (quotations omitted)). As Humphrey asserts his claim against DHS, and there is no evidence in the record that DHS waived immunity, his claim for damages is barred.[3]

With regard to equitable relief, the Civil Service Reform Act (CSRA) provides the framework by which Humphrey had to seek redress for the alleged adverse personnel actions taken against him. *See Lee v. Hughes*, 145 F.3d 1272, 1274 (11th Cir. 1998) (explaining the CSRA created an elaborate framework for evaluating adverse personnel actions against federal employees). As he filed this complaint instead of pursuing action under the CSRA, the district court was precluded from hearing it. *Id.* at 1275-76. Finally, Humphrey's argument that the

---

[3] While Humphrey would be permitted to bring a *Bivens* action for damages against Johnson and Napolitano in their individual capacities, he has not done so here, and the official capacity claims he has raised are barred by sovereign immunity. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (holding a plaintiff can bring a suit for damages against a federal official for constitutional violations occurring under the color of federal law); *F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86 (1994) (explaining while a cause of action can be brought under *Bivens* against federal officials in their individual capacity, such claims may not extend to those officers in their official capacity, and those official capacity claims against federal agencies continue to be barred by sovereign immunity).

ultra vires activities of DHS officials triggered an exception to sovereign immunity is unavailing, because he again asserts his complaint against DHS instead of a named officer in his or her individual capacity. *See Dugan v. Rank*, 372 U.S. 609, 621-22 (1963) (while sovereign immunity does not bar suits for specific relief against officers acting unconstitutionally or beyond their statutory authority, in bringing suit, the officer's actions can only serve as the basis for the suit against the officer as an individual). Accordingly, because the district court did not err in dismissing Humphrey's complaint on the basis his claims were barred by *res judicata* and for a lack of subject matter jurisdiction, we affirm.

**AFFIRMED.**